IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M'CHARLOTTE CHEATHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 22-cv-04354-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING; DIRECTIONS TO CLERK** |

Before the Court is defendant United States of America's ("United States") Motion to Dismiss, filed August 4, 2022. Plaintiff M'Charlotte Cheatham ("Cheatham") has filed a response, to which the United States has replied. Having read and considered the parties' respective written submissions, the Court deems the matter suitable for determination thereon, VACATES the hearing scheduled for September 16, 2022, and rules as follows.

In her complaint, initially filed in state court, Cheatham, who proceeds pro se, seeks monetary relief of over $10,000 from the government, for the asserted reason that she has been injured by reason of the Federal Bureau of Investigation's allegedly having not taken action on a complaint she made about her brother. The United States removed the action to federal district court pursuant to 28 U.S.C. § 1442, which allows the United State to remove from "State court" an action against "the United States or any agency thereof." See 28 U.S.C. §§ 1442(a), 1442(a)(1).

In seeking dismissal, the United States relies on the derivative jurisdiction doctrine, under which, where a case is removed pursuant to § 1442, the federal district court "must dismiss the case" if "the state court lacked jurisdiction" over it. See In re Elko County

Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997) (explaining, "[i]f the state court lacks jurisdiction over the subject-matter . . ., the federal court acquires none") (internal quotation and citation omitted).

Here, Cheatham, as noted, seeks monetary relief based on her allegation that she has been injured by the FBI's failure to investigate a complaint she made against her brother. As the United States points out, under the Federal Tort Claims Act ("FTCA"), "district courts" have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope or his office or employment." See 28 U.S.C. § 1346(b) (emphasis added). Consequently, the state court in which Cheatham filed her complaint lacked jurisdiction to consider it, and, in turn, this Court lacks jurisdiction to consider it. See Rodriguez v. United States, 788 Fed. Appx. 535, 536 (9th Cir. 2019) (affirming dismissal of FTCA claim alleged against federal agency, where action had been removed by United States from state court, as "the state court lacked jurisdiction over [the plaintiff's] claim"; citing "long-standing derivative jurisdiction doctrine").[1]

Accordingly, the motion to dismiss is hereby GRANTED.

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2022

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this ruling, the Court does not address herein the additional arguments raised by the United States.